**RULE 1300.  VENUE**

A.  **Generally.**  A dependency proceeding shall be commenced in:

    1)  the county in which the child is present; or

    2)  the child's county of residence.

B.  **Change of [v]Venue.  At any time prior to the adjudicatory hearing, [F]f**or the convenience of parties and witnesses, the court, upon its own motion or motion of any party, may transfer an action to the appropriate court of any county where the action could originally have been brought or could be brought at the time of filing the motion to change venue.

C.  **Transmission of [a]All [r]Records.**  If there is a change of venue **ordered** pursuant to paragraph (B)**, within five days**:

    1)  **the transferring county's clerk of courts shall inform the receiving county's clerk of courts of the manner in which certified copies of all documents, reports, and summaries in the child's official court record will be transferred;**

    **[1]2**)  the **[transferring court] transferring county's clerk of courts** shall transfer certified copies of all documents, reports, and summaries in the child's official court record to the **[receiving court] receiving county's clerk of courts**; **[and]**

    **[2]3**)  **[T]**the **transferring** county agency **[of the transferring court]** shall transfer all its records to the **receiving** county agency **[where venue has been transferred.]:**

    **4)  the receiving county's clerk of courts shall notify its county agency and the transferring county's clerk of courts of its receipt of the official court records; and**

    **5)  the receiving county agency shall schedule the next court proceeding in accordance with the time requirements of these Rules.**

D.  **Continuation of Services.  To ensure there is no interruption in services, the transferring county agency is to continue services until the case transfer has been completed, which occurs when the receiving county's clerk of court notifies of receipt of the official court record as provided in paragraph (C)(4).**

**Comment**

*See* 42 Pa.C.S. § 6321**(b)**.

For procedures regarding motions and answers, see Rule 1344.  In addition to the procedures for service of orders under Rule 1167, an order changing venue is to be served upon the new county agency and the receiving court so they may begin proceedings in the receiving county.

**Pursuant to paragraph (C), all records are to be transferred within five days of the order for change in venue.  Nothing in this rule prohibits the use of electronic means when transferring and receiving records, but the manner in which records are transmitted must be communicated.  If there is an electronic transfer, the receiving county is to send an electronic confirmation of receipt of the records as the return receipt.  The transferring county's clerk of courts is to docket the confirmation of receipt of records by the receiving county and may close the case once the confirmation has been received.**

**For transfer of agency records, see 55 Pa. Code § 3490.401.**

**Official Note:**  Rule 1300 adopted August 21, 2006, effective February 1, 2007.  Amended December 24, 2009, effective immediately.  **Amended April 28, 2020, effective October 1, 2020.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1300 published with the Court's Order at 36 Pa.B. 5571  (September 2, 2006).  Final Report explaining the amendments to Rule 1300 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010).  **Final Report explaining the amendments to Rule 1300 published with the Court's Order at 50 Pa.B. ___ (_____, 2020).**

**RULE 1302.  INTER[-]COUNTY TRANSFER**

[A.  Transfer.  A court may transfer a case to another county at any time.

B.  Transmission of official court record.  If the case is transferred pursuant to paragraph (A):

1)  the transferring court shall transfer certified copies of all documents, reports, and summaries in the child's official court record to the receiving court; and

2)  the county agency of the transferring court shall transfer all its records to the county agency where jurisdiction has been transferred.

**Comment**

*See* 42 Pa.C.S. §  6321.]

**[The text of this rule is entirely new.]**

A. **Best Interest of the Child.** Any time after the adjudicatory hearing, upon motion of a party or court, a court may consider the transfer of a case to another county if the transfer is best suited to the safety, protection, and physical, mental, and moral welfare of the child.

B. **Notice.** The court shall serve notice of a hearing upon the parties. The county agency in the proposed receiving county shall receive notice of the hearing and be granted standing to participate in the hearing.

C. **Hearing.** The hearing should be conducted in the transferring county no more than 20 days from the date of the notice in paragraph (B). The county agency in the proposed receiving county shall be permitted to appear at the hearing utilizing advance communication technology.

D. **Acceptance of Jurisdiction.** If the court in the transferring county finds that a proposed transfer would be in the child's best interest and would result in a transfer between judicial districts:

    1) the court shall communicate with the president judge or designee of the receiving judicial district to ascertain whether jurisdiction will be accepted;

    2) a record of the communication shall be made and served promptly by the court on the parties; and

    3) upon service of the record of the communication, the parties shall have five days to file written    responses with the court regarding the decision to accept jurisdiction.

E. **Order.**

    1) An order approving a transfer shall specify an effective date for the transfer no less than ten days from date of the order to allow for the coordination of services and preparation of the official court record for transmission.

    2)  The court shall direct the clerk of courts to serve the order upon the parties, the receiving county agency, and the president judge or designee of the receiving court, if applicable.

4

F.  **Matters of Cooperation between Courts.**  Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties.  A record need not be made of the communication.

G.  **Receiving Court.**  On or before the effective date of the order established in paragraph (E)(1), the receiving court shall enter an order:

1)  accepting jurisdiction of the case as of the effective date;

2)  appointing a guardian *ad litem* and counsel, if necessary;

3) directing the clerk of courts to serve the order upon the transferring court, if necessary, the county agencies, the parties, and the transferring county's clerk of courts;

4) directing the receiving county agency to conduct a home visit and safety assessment consistent with the requirements of 55 Pa. Code § 3490.401; and

5)  scheduling a review hearing to occur within 30 days.

H.  **Transmission of Official Court Record.**

1)  The transferring county's clerk of courts shall inform the clerk of the receiving court of the manner in which certified copies of all documents, reports, and summaries in the child's official court record will be transferred.

2)  On the effective date of the transfer, the transferring county's clerk of courts shall transmit certified copies of all documents, reports, and summaries in the child's official court record to the clerk of the court of the receiving county.

3)  The receiving county's clerk of courts shall notify its county agency and the transferring court of its receipt of the official court records.

I.  **County Agencies.**  The transferring county agency shall continue services until the effective date of the transfer.

**Comment**

If proceedings are commenced in a county other than the county of the child's residence, then a change of venue should be sought pursuant to Rule 1300 prior to adjudication.

The child's best interest concerning an intercounty transfer includes, but is not limited to, the child's current or anticipated county of residence, the resources of the receiving county, and needs of the child and family. A proposed transfer between judicial districts is not in the child's best interest unless the court of the receiving judicial district accepts jurisdiction.

Service of the acceptance order on the transferring court pursuant to paragraph (G)(3) is unnecessary if the transfer occurs within the same judicial district.

The period between the order approving the transfer and the effective date of the transfer is intended to prepare for the case transfer. The county agencies are expected to communicate prior to the actual transfer of a case to another county so that efforts can be coordinated and services transitioned without interruption. Coordination includes the inter-agency transfer of records maintained by the county agency that are not otherwise included in the official court record. *See* 55 Pa. Code § 3490.401. This period also allows the clerk to prepare the official court record for transmission to the receiving county on the effective date of the transfer.

Nothing in this rule prohibits the use of electronic means when transferring and receiving records. However, if there is an electronic transfer, the receiving county is to send an electronic confirmation of receipt of the records as the return receipt. The transferring county's clerk of courts is to docket the confirmation of receipt of records by the receiving county and may close the case once the confirmation has been received.

Upon receiving the order accepting the case, the transferring court may order the termination of court supervision pursuant to Rule 1631(A)(12).

**Official Note:** Rule 1302 adopted August 21, 2006, effective February 1, 2007. Amended December 24, 2009, effective immediately. Rescinded and replaced Amended April 28, 2020, effective October 1, 2020.

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1302 published with the Court's Order at 36 Pa.B. 5571 (September 2, 2006). Final Report explaining the amendments to Rule 1302 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010). Final

Report explaining the rescission and replacement of Rule 1302 published with the Court's Order at 50 Pa.B. __ (__ __, 2020).